An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1087

Filed 5 August 2026

Johnston County, No. 24CV006731-500

WILLIAM STEVE CROCKER, Plaintiff,

v.

WANDA HORTON, Defendant.

Appeal by defendant from judgment entered 10 February 2025 by Judge J. Franklin Wood, Jr. in Johnston County District Court. Heard in the Court of Appeals 14 July 2026.

> *Lucas & Lucas, LLP, by Leon A. Lucas, for plaintiff-appellee.*
>
> *Wanda Horton, pro se, for defendant-appellant.*

PER CURIAM.

## I.     Background

On 20 December 2022, Wanda Horton ("defendant") entered into a lease agreement for a property owned by the wife ("Wife") of William Steve Crocker ("plaintiff"). A mobile home was located on the property which had an outstanding loan balance of over $50,000.00 at the time the lease was signed. The lease granted

defendant title to the mobile home, but not the property, upon 130 consecutive timely rental payments. The lease required defendant to pay $800.00 per month, split between the property rent and the mobile home rent, paid to the lessor at the residence of Wife and plaintiff. In the event of default, the lease required the lessor to give thirty days' notice of default and intention to terminate the lease. The lessee was given thirty days to cure the default, and if they failed to do so, allowed the lessor to terminate the lease and take immediate possession of the property.

On 5 September 2024, Wife passed away and plaintiff inherited the property. At trial, defendant admitted that she stopped making the required rental payments and failed to make 130 consecutive rental payments following Wife's passing, specifically failing to make payments since that September. Defendant has not tendered any rental payments since Wife's passing. On 31 October 2024, plaintiff sent a letter of default and demanded defendant vacate the property by 1 December 2024. Defendant sent plaintiff a letter stating that she was unable to make further payments.

Plaintiff began summary ejectment proceedings, and on 9 January 2025 a magistrate court entered judgment denying plaintiff's relief sought. Plaintiff filed a timely appeal, and the matter was heard in Johnston County District Court, the Honorable J. Franklin Wood, Jr. presiding. Upon hearing parties' evidence, Judge Wood found that defendant failed to vacate the premises in violation of the lease and entered a judgment in favor of plaintiff. Defendant timely appealed the District

Court's judgment.

## II. Discussion

On appeal from a bench trial, this Court reviews "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable de novo." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160 (1992) (citations omitted).

The issues in this case are whether the trial court erred in finding (1) that there was a landlord-tenant relationship between plaintiff and defendant; (2) plaintiff established legal standing to bring suit; and (3) the judgment was supported by competent evidence. We address each issue in turn.

### A. Privity Existed Between Plaintiff and Defendant as Landlord-Tenant

Where there is a conveyance of land subject to a valid lease, it is deemed complete without any further recording or attornment. N.C.G.S. § 42-2. Once title passes, the lessee "becomes a tenant of the grantee . . . ." *Pearce v. Gay*, 263 N.C. 449, 451 (1965).

Here, the record shows that title transferred to plaintiff after decedent's death. The record is devoid of any information that would lead the trial court to conclude plaintiff was not the property owner following his wife's death. Defendant even

notified plaintiff, in writing, that she would be unable to pay rent going forward and would be moving out. Therefore, we find no error in finding the plaintiff had "stepped into the shoes" of his decedent Wife and that there was a landlord-tenant relationship between plaintiff and defendant.

### B. Plaintiff Established Standing to Sue for Ejectment.

N.C. Gen. Stat. § 42-26 defines when a landlord may eject a tenant:
(a) Any tenant . . . who holds over and continues in the possession of the demised premises . . . without permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed . . . ."
. . . .
(2) When the tenant or lessee . . . has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased."

N.C.G.S. § 42-26.

The unrebutted record demonstrates that plaintiff received the property pursuant to North Carolina law following the death of his wife. Plaintiff and defendant confirmed that the lease presented at trial was the actual lease agreement she had signed with decedent. Plaintiff and defendant further testified to the fact that defendant had failed to abide by the terms requiring prompt payment of rent, with defendant making no payments following decedent's death. Pursuant to the lease, plaintiff gave defendant notice of intention to terminate the lease due to default and gave defendant the required time to cure any default.

Defendant testified that she could have paid the rent but claimed to not know

- 4 -

who to pay after decedent's passing. However, the lease requires defendant make payments to the address of Wife and plaintiff and notably, defendant had even tendered payments to plaintiff in the past. Defendant failed to vacate the premises within the contractually required time. We are unpersuaded by defendant's assertions. Therefore, we affirm the court's conclusion that defendant was in breach of the lease agreement, and that plaintiff had standing to sue in an ejectment action.

### C.      The Judgment Was Supported by Competent Evidence.

The unrebutted testimony on the record is that plaintiff is the owner of the property in dispute. As discussed above, defendant was in breach of the lease agreement; plaintiff served notice of the breach with time to cure default; defendant failed to cure the breach; and defendant failed to vacate within the time given. Therefore, we find that there was competent evidence on the record that plaintiff was title holder to the property, that there was a valid lease that defendant was in breach of, and that plaintiff had standing to sue in an ejectment action. We conclude the judgment was supported by competent evidence.

### III.      Conclusion

For the aforementioned reasons, we affirm the judgment.

AFFIRMED.

Panel consisting of Judges ARROWOOD, HAMPSON, and FREEMAN.

Report per Rule 30(e).